## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         :

   vs.                           :         Case No. 13-MJ-438

**ANTHONY AGRAMONTE**              :

          Defendant        :

### MOTION FOR DISCOVERY AND INSPECTION

     COMES NOW the Defendant, by and through his attorney, Joseph F. Vallario, Jr., and respectfully moves this Honorable Court, pursuant to Maryland Rule, to request the State of Maryland to permit defense counsel to inspect, copy, photograph or subject to scientific analysis any tangible objects requested below in the possession, custody or control of the State, existence of which is known or by the exercise of due diligence may become known to the attorney for the State, and additionally to order the issuance of a summons <u>duces</u> <u>tecum</u> requiring production of the tangible objects and documents requested, and, in addition, counsel requests the following:

     1. Set forth the names, addresses and telephone numbers of all witnesses the State intends to call at trial and the names and addresses of all individuals other than those persons the State intends to call as witnesses who may have information pertaining to this case, including, but not limited to, names, addresses and telephone numbers of all persons, including of the Police Department, who were present at any time when any witnesses viewed were confronted with or was in the presence of the Defendant in connection with this case.

     2. Identify by name and address all persons who, during the investigation of this case, have been offered immunity, favorable consideration, lesser pleas or other agreements in return for testimony, information or documents. This request applies to

all statements made by government agents or investigators that if any person did not fully cooperate with the government that they would have difficulties or would be defendants in any action. Indicate the name and address of each witness who claims to have the knowledge which supports the answer to this inquiry.

    3. Set forth the records of the Office of the State's Attorney and/or the Court or State Police or of any other Police organization, whether local, statewide, national or international, pertaining to the criminal activity, arrest and/or conviction of any, and a witness the State intends to call in this case.

    4. Set forth the names, addresses and telephone numbers of all persons who have knowledge pertaining to this case, or who have been interviewed by government agents in connection with this case, but who were not called before the Grand Jury. Testimony for all persons who have been interviewed by government agents in connection with this case, but who were not called before the Grand Jury.

    5. Set forth the written or recorded statements or substance of any statements, including Grand Jury testimony of all persons who have been interviewed by government agents who the State does not plan to call as witnesses.

    6. Furnish the names, addresses and telephone numbers of all persons having any knowledge whatsoever of the substance of the crime alleged who the State does not plan to call as a witness.

    7. Furnish the Defendant with the names, addresses and physical descriptions of any persons, other than the Defendant, who were arrested or otherwise taken into custody by Police or prosecution officials as a possible suspect in this case in which the Defendant is charged.

8. Produce for inspection, copying or photographing all FBI, Federal Bureau of Prisons and other governmental or international, Federal, State and local penal institutions pertaining to the Defendant named and all other persons the State plans to call as witnesses in this case.

9. Provide the defense with the name and address of any informant, confidential or otherwise, who was a participant in the alleged illegal act which is the basis for this indictment or who was a participant in any illegal act which formed any part of the basis for any warrant or process issued and executed in the case, or who was a participant in any illegal act which formed any part of the basis for any warrant or process issued and executed in the case or who was a participant in any illegal act which was relied upon by any law enforcement official as probable cause to make an arrest and/or search in this case.

10. Disclose the name and address of each person whom the State intends to call as a witness at a hearing or trial or rebut alibi testimony.

11. Submit copies of all written, oral or recorded statements or written, oral or recorded confessions or admissions, whether reduced to writing or not or summarized in Police reports or not, made by this Defendant which the State proposes to produce as evidence in this case.  This request includes, but is not limited to, any alleged conversations by the Defendant with any person who claims to have ever heard the Defendant in any conversation.

12. Furnish a copy of all reports of each oral statement made by the Defendant or any State agent which the State intends to use at a hearing or trial.

13. Submit the substance of any and all written, oral or recorded statements,

confessions or admissions which may have been overheard by any person during the commission of the alleged crime and the name and address of said person or persons.

14. Furnish a copy of each written or recorded statement made by a co-defendant and/or accomplice and/or accessory, before or after the fact, to a State agent which the State intends to use at a hearing or trial.

15. Furnish the substance of each oral statement made by a co-defendant and/or accomplice and/or accessory, before or after the fact, to a State agent which the State intends to use at a hearing or trial.

16. Furnish a copy of all reports of each oral statement made by a co-defendant and/or accomplice and/or accessory, before or after the fact, to a State agent which the State intends to use at a hearing or trial.

17. Furnish the substance of any oral report and conclusion made in connection with the Defendant's case by each expert consulted by the State, including the results of any physical or mental examination, scientific test, experiment or comparison, including, but not limited to:

    a) Copies of all ballistic reports;

    b) Copies of all post mortem examinations;

    c) Reports of any examinations or clothing worn by the Defendant, as well as any report pertaining to fingerprints, clothing, hair fibers, guns, knives, bullets, blood or other evidence of a scientific nature which the State has in its possession or in the possession of any State or other government agency.

18. Identify and produce for examination, inspection and/or copying any other documents, books, records or tangible items which the State intends to offer at the trial

for this case and which the State contends shows or demonstrates criminality and/or is inculpatory of the Defendant.

19. Produce and allow the Defendant to inspect and review all the tangible items of evidence which the State proposes to use in this case, including, but not limited to, weapons, clothing, money, fingerprint exemplars, etcetera.

20. Submit all photographs of possible suspects known by the officers of the Police Department, or any other governmental agencies, to any witness in connection with this case through which an identification was made.

21. Furnish counsel with a copy of any statements made by any witnesses, or if no copies, then the substance thereof, made by such witness at a line-up, show-up, photographic display, etcetera, at which an identification of the Defendant was attempted by the State.

22. Permit the Defendant to inspect any photograph which Police or prosecuting authorities may have exhibited to any witness for purposes of identification of the Defendant, and any other photographs which the State intends to use in the trial of the Defendant with copies of said photographs, the names and addresses of witnesses who viewed said photographs, and the results of each viewing of said photographs.

23. Set forth whether any property was seized or taken from the Defendant, along with the manner and method by which any property was seized or taken from the Defendant, and whether such seizure was accomplished as the result of the issuance of a warrant, and if obtained by warrant, include inventory prepared pursuant to Maryland Rule 4-601.

24. Produce for inspection and/or copying by Defendant's counsel, any books,

papers, documents and tangible objects obtained from or belonging to the Defendant, or obtained from others, which the State intends to use at trial in this case.

25. Produce for independent analysis under conditions set by this Court, samples of all substances which the State alleges are contraband.

26. If any tangible objects were obtained from any person or persons, other than the Defendant, set forth the name or names of such persons, their addresses, and the place where such objects were obtained and the manner by which such objects were obtained by warrant, include inventory prepared pursuant to Maryland Rule 4-601.

27. Set forth or alternatively allow counsel to hear any Police tapes or transmissions involved in this offense which pertain to or are relevant to the commission of said crime, the identification of the perpetrator of the alleged crime, the capture of the Defendant or any relevant matter.

28. Produce for inspection and copying any and all reports of the Police, law enforcement agency, non-law enforcement agency or any person who conducted any investigative procedures in this case.

29. Furnish counsel with a copy of any statements made by Police or any other governmental agency, or if no copies, in the depositions conducted by counsel for the Defendant.

30. Permit Defendant to inspect any law enforcement report containing the chain of custody of the person or the Defendant or his property, beginning with the time of Defendant's arrest and continuing throughout the time that the Defendant was in the custody of any Police or prosecuting authorities.

31. In the event that law enforcement authorities have not prepared the type of

report relating to custody of the Defendant or his property referred to in Paragraph 30, furnish the Defendant with the names and addresses of all persons who had custody or control of the Defendant or who participated in the custody or control of the Defendant, and continuing throughout the time that the Defendant as in custody of any Police or prosecuting authorities.

32. Produce a copy of the record showing the number of Grand Jurors present during the presentation of the charges against the Defendant, the record showing the number by Grand Jurors at the time the indictment was voted, and the record of the vote on the indictment.

33. Provide a copy of the record showing the number of Grand Jurors present during the deliberation of this indictment against the Defendant, and every other person present during the days that there was a presentation of the charges against this Defendant. Included herewith, furnish the name or names of any person other than Grand Jurors who were present during the deliberation leading not only to this indictment but to the identical previous indictment in this case which was <u>nol prossed</u> at the filing of this indictment.

34. State the reasons why the original charging document was <u>nol prossed</u> and replaced with the present indictment.

35. Furnish a copy of the Grand Jury transcript and proceedings, including any and all minutes, notes and recordings of the Grand Jury which resulted in the indictment of this Defendant.

36. State the names, addresses and telephone numbers of all persons who testified before the Grand Jury as to the alleged wrong-doing of this Defendant.

37. Set forth the name, address and telephone number of any individual through whom information was derived which culminated in a search, either with or without a search warrant, and whose information culminated in an arrest, either with or without an arrest warrant.

38. Set forth the name and address of any person who may possibly have in his possession, knowledge or control any useful evidence which would indicate the innocence of the Defendant or which would lessen the risk of false testimony which would be essential to a proper disposition of the case.

39. Furnish the Defendant with all evidence of an exculpatory nature and material either to the issue of guilt or to punishment or to both.  This specific request for production of exculpatory evidence includes all information of whatever form, source or nature which tends to exculpate the Defendant either through indication of his innocence or through the potential source, form or nature which may led to evidence tending to exculpate the Defendant by indicating his innocence or impeaching the credibility of any potential or actual State witness and all information which may be or become of benefit to the Defendant in preparation for or in presenting the merits of his defense of facts and information of whatever form, source or nature known to or in the possession of the State, including, but not limited to, the State's Attorney, Assistant State's Attorney, Police officers, laywitnesses, informants, confidants or other governmental agents or employees.

40. Furnish photostatic copies of all crime laboratory reports pertaining to this case.

41. Supply copies of any and all medical reports that the State has or wishes to

introduce into evidence with respect to this case or cases.

42. Produce and permit Defendant to inspect and copy any warrant, affidavits, inventories and other related papers involved in these proceedings (pursuant to Maryland Rule 4-601).

The aforegoing requests extend to material and information in the possession or control of the State's Attorney, members of his staff, and any others who have participated in the investigation or evaluation of the case and who either regularly report or, with reference to the particular case, have reported to, the State's Attorney or his office.  The purposes of these requests is to obtain disclosure of material and information to the fullest extent authorized and directed by Maryland Rule 4-263 and this general purpose shall supersede any language or expression which might otherwise appear to be a limitation upon the object or scope of any request.  The Defendant further requests that his initial compliance with these requests shall be furnished without request by the State's Attorney pursuant to Rule 4-263 to the Defendant.

The Defendant avers that the above requested information is vital material and necessary to the preparation of their defense on the merits of the charges against them and the following particulars:

    a) The items sought are evidentiary and the production of them is reasonable and will expedite the trial of the case and materially aid the Defendant in preparation of their defense;

    b) That much of the material requested is exculpatory in nature;

      c) That the material requested is necessary to ensure that the Defendant's rights to effective assistance of counsel and effective confrontation in cross examination of State's witnesses;

      d) That without the above-requested information, counsel would be unable to provide the Defendant with the best possible defense which counsel is obligated to give and the Defendant is entitled to receive.

WHEREFORE, for the above assigned reasons, the Defendant prays:

1. That the discovery and inspection requested herein be granted; and,

2. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

_____/s/_____
Joseph F. Vallario, Jr.
Attorney for Defendant
5210 Auth Road
Suitland, MD 20746
(301) 423-8100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2013, a copy of the foregoing was electronically filed, was mailed, via first class, postage prepaid, to Debra Sexton, Judge Advocate General's Office, 4217 Roberts Avenue, Ft. Meade, MD 20755.

_____/s/_____
Joseph F. Vallario, Jr.